**NOT FOR PUBLICATION**

APR 09 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARIUSH FARSHIDIAN, | No. 05-74472 |
| Petitioner, | Agency No. A027-554-393 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 2, 2010
Pasadena, California

Before: KOZINSKI, Chief Judge, W. FLETCHER, Circuit Judge, and
GETTLEMAN, Senior District Judge.[**]

Dariush Farshidian, a native and citizen of Iran, petitions for review of the

Board of Immigration Appeals' ("BIA") order affirming the denial of his motion to

reopen. Farshidian ultimately seeks relief under the Convention Against Torture

("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of discretion the denial of a motion to reopen, *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005), we deny the petition for review.

Because Farshidian's final order of removal was entered on May 22, 1997, he was eligible to apply for relief under CAT within the 90-day window that ended on June 21, 1999. Farshidian, however, did not file his motion to reopen until February 3, 2000. The record established that Farshidian was housed at the Kern County Jail during the 90-day filing window and lacked access to a law library where he might have learned about his eligibility for relief under CAT. On August 2, 1999, Farshidian was transferred to the San Pedro Detention Facility ("San Pedro") where he had intermittent access to that facility's law library. Farshidian claims that, despite his diligence, he did not find any information about CAT or the 90-day filing window in the San Pedro law library, but learned about the availability of CAT relief only after receiving a response, on December 10, 1999, to a letter he sent to the United Nations High Commissioner for Refugees ("UNHCR"). The record is silent as to when Farshidian sent his letter.

The BIA found that although equitable tolling was available to Farshidian as a matter of law, the record did not support application of the doctrine to his case. See *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001)(en banc)(equitable tolling is available in an immigration proceeding where "despite all

2

due diligence [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim" because of "circumstances beyond the party's control."(internal quotation and citation omitted)). Notably, the BIA found that Farshidian failed to establish the factual basis supporting the assertion that his ignorance of the limitations period was caused by circumstances beyond his control after he was transferred to San Pedro and had access to that facility's law library. On the subject of his diligence, the only facts Farshidian asserted in the record were that the San Pedro library had only one I.N.S. law book, that library resources were limited due to heavy demand, that his efforts to get information from an I.N.S. officer were unavailing, and that he ultimately learned about CAT after writing a letter to the UNHCR at the end of 1999.

The BIA acted within its discretion in declining to equitably toll the 90-day window in which petitioner had to file his motion to reopen to seek relief under CAT because the record does not establish that Farshidian exercised the due diligence required to warrant tolling of the filing period beyond the date of his return to San Pedro. Moreover, Farshidian, who was released from custody on May 4, 2001 after posting bond, had approximately four years from the filing of his first motion to reopen until the BIA's final denial of his motion to reconsider to

3

supplement the record by producing evidence that the San Pedro library lacked information on CAT and the 90-day filing window, yet he made no effort to do so.

The BIA, therefore, did not abuse its discretion in denying as time-barred Farshidian's second motion to reopen before the IJ. *See* 8 C.F.R. § 1003.23(b)(1), (3).

PETITION FOR REVIEW DENIED.